**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3835-16T3

ALFRED ARYEE,

     Plaintiff-Appellant,

v.

NEWARK BETH ISRAEL
MEDICAL CENTER, A MEMBER
HOSPITAL OF BARNABAS
HEALTH,

     Defendant-Respondent.

_____

Argued November 28, 2018 – Decided February 20, 2019

Before Judges Fuentes, Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0124-16.

Samuel J. Halpern argued the cause for appellant.

Mark J. Blunda argued the cause for respondent (Apruzzese, McDermott, Mastro & Murphy, attorneys; Mark J. Blunda and Deborah J. Bracaglia, on the brief).

PER CURIAM

In this employment discrimination case, plaintiff Alfred Aryee alleges that his former employer, Newark Beth Israel Medical Center, A Member Hospital of Barnabas Health, (Beth Israel) terminated his employment "motivated by a discriminatory animus based on [plaintiff's] age and national origin," in violation of the Law Against Discrimination (LAD), N.J.S.A. 10:5-12(a). After joinder of issue and exchange of discovery, Beth Israel moved for summary judgment arguing plaintiff voluntarily resigned from his position after he returned to work from vacation three days late, and thereafter misrepresented the reasons for his untimeliness. Judge Jeffrey B. Beacham granted Beth Israel's motion for summary judgement and dismissed plaintiff's complaint with prejudice. We affirm.

Because Judge Beacham dismissed plaintiff's complaint as a matter of law, we will review the evidence presented by the parties, including all rational inferences that can be drawn therefrom, in the light most favorable to plaintiff. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995); R. 4:46-2(c).

I

Plaintiff was born in the Republic of Ghana and is a naturalized citizen of the United States. He worked as a cashier in Beth Israel's accounting department for twenty-four years as an at-will employee. He began his employment on

December 4, 1989. On April 29, 2011, plaintiff signed an acknowledgement for receipt of an employee handbook that advised him that, as an at-will employee, he could be terminated at any time at management's discretion, with or without cause. The employee handbook also explained that plaintiff had the right to resign at any time.

On December 20, 2013, plaintiff went on vacation to Ghana; he was required to return to work on December 30, 2013. Plaintiff did not return to work until January 2, 2014; he also did not contact his supervisor to explain the reasons for his failure to return to work at the conclusion of his vacation as expected. Plaintiff's coworker, Thomas Byju, called plaintiff at his home on the morning of December 30, 2013, to inquire about why he had not returned to work. Plaintiff's wife told Byju that plaintiff had "a debilitating knee condition" and was unable to return to work. Plaintiff elaborated on his knee condition during his deposition,:

> Q. What was the debilitating knee condition that you had on December 30, [2013]?
>
> A. I had this knee issue, problem already before I went to Ghana. It is a direct flight. No -- I can't sit down for a long time. After an hour or two, I have to get up and walk around. But in the plane, not enough room to walk around.

3

So, I was sitting down for almost 10 hours flight. When I got to the JFK it was horrible. This airport people were -- immigration, one of the immigration ladies have to help me to the gate with my luggage, because I couldn't -- I told them that is my children standing there, she can -- I have to hang on her very much, because it was horrible.

. . . .

Q. When did your employment with Newark Beth Israel Medical Center end?

A. January 10th [2014].

. . . .

Q. Between December 30, 2013 and January 10, 2014, between those two dates --

. . . .

Q. -- did you see a doctor for your debilitating knee condition?

A. No.

Plaintiff was required to report to work on December 30, 2013. He did not return to work until January 2, 2014. During this three-day hiatus, plaintiff did not contact his employer to explain the reasons for his absence. He testified at his deposition that he telephoned his supervisor, Martin Mercurio, at 10:00 a.m. on December 30, 2013, but no one answered. Although he knew Mercurio had voicemail, plaintiff admitted he did not wait to leave a message "because

4

[he] was in pain." He also stated that he called Mercurio "because [his] wife was pushing [him] to make the call." Plaintiff did not explain why his wife did not call Mercurio directly and leave a voicemail message.

When plaintiff returned to work, Mercurio immediately asked him why he did not report to his scheduled work-shifts on December 30 and 31, 2013. Plaintiff told Mercurio he was unable to return because the airline "bumped" him from his return flight on December 29, 2013. To corroborate his claim, Mercurio asked plaintiff to produce his passport and boarding pass the next day. Mercurio and Zachary Lipner, Beth Israel's Vice President of Human Resources, met with plaintiff on January 3, 2014. Lipner asked plaintiff to write down the date he returned to the United States, and plaintiff wrote "December 29th, 2013" on a piece of paper, and then fainted. He was admitted to the hospital and placed on sick leave through January 9, 2014.

Plaintiff thereafter sent Beth Israel the following undated handwritten letter:

> I returned on 12/29/201[3], and due to my mom's dying health and my wife's cancer issue, I was overwhelmed that I could not controlled issues and that I could not come to work on 12/31/2013.
>
> I appeal to your good office that there's no justification about this and also I would have called Mark

[Mercurio] to explain issues but I was confused and just don't know what to do.

Zack [Lipner], Mark, am totally wrong for my actions and therefore willingly to take any punishment that comes out from this. Thank you.

[Plaintiff's signature.]

Plaintiff met with Mercurio and Lipner on Friday January 10, 2014. At this meeting, Lipner told plaintiff he was willing to allow him to resign and receive "paid time off." If plaintiff was not willing to resign, Lipner would involuntarily terminate his employment. In that event, he would not receive paid time off. Lipner told plaintiff to think about it over the weekend, and let him know his decision on Monday January 13, 2014. Plaintiff opted to accept the offer immediately. In a handwritten letter dated January 10, 2014, addressed to Zach Lipner, with a "cc" to Mark Mercurio, plaintiff stated:

Letter of Resignation

I, Alfred Aryee wish this day, January 10, 2014 to resign from my duties in the finance dept. of the NBIMC.

I enjoyed very much working at the Beth all these years with you all.

Thank you very much.

Yours,

[Signature of plaintiff]

II

At the conclusion of oral argument in response to Beth Israel's summary judgment motion, Judge Beacham articulated the relevant standard of review under Rule 4:46-2(c) and Brill, and found there were no disputed material issues of fact. Our standard of review from the grant of a motion for summary judgment is de novo. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2014). In this light, we agree with Judge Beacham that the facts described here are not disputed. Plaintiff was an at-will employee and he intentionally misrepresented the reasons why he failed to report to work at the end of his vacation period. Beth Israel is legally entitled to terminate plaintiff's at-will employment at any time, with or without cause. Under these circumstances, plaintiff decided to accept Beth Israel's offer to resign and obtain a measure of compensation he would not otherwise be entitled to receive.

Although at-will employees who are discharged in violation of a clear mandate of public policy retain the right to seek judicial redress, Pierce v. Ortho Pharm. Corp., 84 N.J. 58, 72 (1980), and are protected[1] under the LAD, plaintiff

---

[1] Although plaintiff did not plead it, at-will employees are also protected under the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -8. Higgins v. Pascack Valley Hosp., 158 N.J. 404, 410 (1999).

has not presented any competent evidence to establish a prima facie case that Beth Israel discriminated against him because of his age or national origin. Plaintiff also did not rebut defendant's legitimate nondiscriminatory reason for its actions. See Bergen Commercial Bank v. Sisler, 157 N.J. 188, 212-13 (1999) (explaining the standard for the analysis of discrimination claims on summary judgment motions). The record is also devoid of any evidence that plaintiff resigned under "duress." See Rubenstein v. Rubenstein, 20 N.J. 359, 365 (1956).

We thus affirm substantially for the reasons expressed by Judge Beacham in his oral opinion delivered from the bench on March 31, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3835-16T3